# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2480
_____

United States of America

*Plaintiff - Appellee*

v.

Adrian D. Milligan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: December 14, 2023
Filed: December 19, 2023
[Unpublished]
_____

Before LOKEN, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Adrian Milligan appeals the sentence imposed by the district court[1] following resentencing on his conviction for a firearm offense. His counsel has moved for leave

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sentence.

Upon careful review, we conclude that the district court correctly calculated Milligan's offense level.  <u>See</u> <u>United States v. Turner</u>, 781 F.3d 374, 393 (8th Cir. 2015) (construction and application of Guidelines are reviewed de novo). Specifically, the record supported the enhancement for possessing a stolen firearm. <u>See</u> <u>United States v. Pazour</u>, 609 F.3d 950, 952 (8th Cir. 2010) (for the purposes of the Guidelines, "stolen" includes all felonious or wrongful takings with the intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common law larceny).  We also conclude that the district court did not err by failing to order a new presentence report (PSR) for resentencing. <u>See</u> <u>United States v. Quintieri</u>, 306 F.3d 1217, 1234 (2d Cir. 2002) (updated PSR is not required for resentencing where parties are given full opportunity to be heard and to supplement PSR as needed).

We further conclude that the district court did not impose a substantively unreasonable sentence.  <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors).  The record establishes that the district court adequately considered the sentencing factors listed in 18 U.S.C. § 3553(a).  <u>See</u> <u>United States v. Callaway</u>, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal.  Accordingly, we affirm the judgment, and grant counsel's motion to withdraw.

_____